**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **ORLANDER GLENN JOHNSON,** ) | |
| **#6022017,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:07-CV-0170-N |
| ) | |
| **WILLIAM T. KNOX, et al.,** ) | |
| Defendants. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights complaint brought by a pre-trial detainee pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently confined at the Dallas County Jail in Dallas, Texas. The Defendants are former defense counsel William T. Knox, Police Officer Mario Castanon, and Assistant District Attorney J. Dewald. The Court has not issued process in this case, pending preliminary screening. On February 14, 2007, the Magistrate Judge issued a questionnaire to Plaintiff, who filed his answers on February 21, 2007.

Statement of Case: On March 14, 2006, Defendant Castanon arrested Plaintiff at his cousin's home without an arrest warrant, and seized evidence from the home without a search warrant. (Complaint at Exh. 2). Plaintiff was subsequently indicted in Dallas County with the

felony offense of possession of cocaine with intent to deliver, No. F06-63542, and the misdemeanor offense of possession of marijuana, No. M06-65054, on which Plaintiff is presently awaiting trial. (Answer to Questions 1-2). Plaintiff concedes the above criminal charges stem from his March 2006 arrest. (Answer to Question 3).

In the complaint, Plaintiff seeks to sue his former, retained defense counsel for providing ineffective assistance of counsel, obstructing justice, conspiring with the assistant district attorney prosecuting his criminal cases, and engaging in legal malpractice. (Complaint at Exh. 1). He further alleges that counsel misappropriated the attorney fee paid to him. (*Id.*) In addition to his former defense attorney, Plaintiff also seeks to sue the arresting police officer, Defendant Castanon, for "false arrest, forcible entry . . . [and] detainer, personal injury and mental anguish," and Defendant Dewald, the prosecuting attorney, for prosecutorial misconduct, "prosecut[ing] hearsay," and "collaborat[ing] and conspir[ing]" with his former, retained counsel Defendant Knox. (Complaint at Exhs. 2-3). Plaintiff seeks compensation for the time he has been incarcerated.[1]

Findings and Conclusions: The Court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

---

[1] In addition to monetary relief, Plaintiff seeks to press criminal charges against all Defendants involved. He also seeks an investigation of the events at issue in this case, as well as the filing and granting of Defendant Knox's motion to withdraw as attorney of record.
The above requests are not cognizable in this civil rights action. Investigations in possible criminal activities and the prosecution of state or federal criminal offenses fall within the exclusive jurisdiction of the executive branch of the state and federal government. *See Pierre v. Guidry*, 75 F. Appx. 300, 300 (5th Cir. 2003) (per curiam) (citing *Cort v. Ash,* 422 U.S. 66, 79 (1975)) (plaintiff has no right to bring a private action under criminal statutes); *Oliver v. Collins*, 904 F.2d 278, 280-81 (5th Cir. 1990) (the decision to file or not file criminal charges falls within this category of acts that will not give rise to liability under 42 U.S.C. § 1983).

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct.. 1827, 1831-32 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct.. 99, 101-02 (1957).

Plaintiff seeks to sue his former, retained defense attorney, Mr. Knox, for legal malpractice, ineffective assistance of counsel, obstruction of justice, retaliation, and collusion and conspiracy with the prosecution.

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States, and (2) a deprivation of that right by the defendant acting under color of state law. *West v. Atkins*, 487

Plaintiff cannot establish that the alleged inactions and deficient performance of Mr.

3

Knox occurred under color of state law.  It is well established that neither appointed nor retained counsel acts under color of state law in representing a defendant in a criminal case.  *See Polk County v. Dodson*, 454 U.S. 312, 324, 102 S. Ct. 445, 453 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (court appointed counsel are not official state actors); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985) (retained counsel does not act under color of state law).

Insofar as Plaintiff alleges that Knox conspired with Assistant District Attorney Dewald to force Plaintiff to plead guilty and postpone the criminal trial, his claim fares no better.  Although under proper circumstances the existence of a conspiracy between a prosecutor and retained or appointed counsel may give rise to an actionable claim against the attorney, *see Tower v. Glover*, 467 U.S. 914, 920, 104 S. Ct. 2820, 2824 (1984), *Wyatt v. Cole*, 994 F.2d 1113, 1118 (5th Cir. 1993), Plaintiff's complaint fails to present a cognizable conspiracy claim.  A claim for civil conspiracy requires allegations of facts sufficient to show that there was an agreement between the defendants to inflict a wrong or injury upon the plaintiff and an overt act that results in damages.  *Crowe v. Lucas*, 595 F.2d 985, 993 (5th Cir. 1979).

In the present case, the complaint fails to allege facts which would permit an inference that Assistant Dewald conspired in any way with Mr. Knox to deprive Plaintiff of his constitutional  rights.  The complaint merely alleges one instance in which Defendant Knox relayed to Plaintiff a message from the prosecuting attorney, namely that "if I made the prosecuting attorney do any work by filing motions or by trying to get my bond lowered then I would be 'reindicted, a prior conviction would be filed, and the state would seek a deadly weapon finding.'"  (Complaint at Exh. 1).  The complaint neither alleges facts showing an

4

agreement between Assistant Dwald and Mr. Knox, nor that the they ever met to discuss Plaintiff's criminal cases. *See Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). "'Mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy under 42 U.S.C. § 1983." *Hale*, 786 F.2d at 690 (quoting *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982)).

Plaintiff's legal malpractice claim against Defendant Knox fares no better. Absent a federal question, complete diversity of citizenship between adverse parties and at least $75,000 in controversy are required to establish subject matter jurisdiction. *See* 28 U.S.C. § 1332(a). Plaintiff cannot rely on diversity of jurisdiction. It is clear from the face of the complaint that Plaintiff and Defendant Knox are citizens of the State Texas. Therefore, Plaintiff's claims for legal malpractice should be dismissed for want of jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001) (subject matter jurisdiction is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action); *In re Moody*, 849 F.2d 902, 904 (5th Cir. 1988) (same).

Any claim for monetary damages against Defendant Dewald for prosecutorial misconduct is barred by the doctrine of absolute immunity. An assistant district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his or her role as a prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case. *See Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S. Ct. 502, 509 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S. Ct. 984, 995 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir. 1997). Here it undisputed that Dewald's conduct in connection with the plea negotiations was part of a prosecutor's functions. Furthermore, even threats to seek more serious charges in the event that a plea offer is rejected do not violate the due process clause. *Bordenkircher v. Hayes*, 434 U.S.

5

357, 364-65, 98 S. Ct. 663, 668-669 (1978) (due process clause is not violated when a state prosecutor carries out a threat made during plea negotiations to have the accused reindicted on more serious charges on which he is plainly subject to prosecution if he does not plead guilty to the offenses to which he was originally charged).

Lastly, Plaintiff seeks to sue the arresting police officer, Defendant Castanon, for false arrest, forcible entry and detainer, and warrantless search and seizure on March 14, 2006. The Court cannot say that the above claims are legally frivolous. In *Payton v. New York*, 445 U.S. 573, 589-90, 100 S. Ct.. 1371, 1382 (1980), the Supreme Court held that an arrest in the home is subject to the warrant requirement; probable cause alone is insufficient. *See also McClish v. Nugent*, ___ F.3d ___, 2007 WL 1063337, *6 (11th Cir. 2007). Under the current pleadings, it cannot be determined as a matter of law that Plaintiff was arrested inside his cousin's residence.

In *Wallace v. Kato*, ___ U.S. ___, 127 S. Ct. 1091 (2007), the Supreme Court recently concluded that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter . . ." and that it would "refer to the two torts together as false imprisonment." *Id.* at 1095. The Court then held that "[t]he sort of unlawful detention remediable by the tort of false imprisonment is detention *without legal process,*" and that "[l]imitations begin to run against an action for false imprisonment when the alleged false imprisonment ends." *Id.* at 1095-96. "Reflective of the fact that false imprisonment consists of detention without legal process, false imprisonment ends once the victim becomes held *pursuant to such process* – when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* at 1096.

Applying the above holding to this case, it is clear that the statute of limitations began to run on Plaintiff's false imprisonment claim either when he appeared before a State magistrate following his arrest, or when he was indicted in No. F06-63542. The fact that the state charge in

No. F06-63542 remains pending against him does not alter the running of the limitation periods. *See Wallace*, 127 S. Ct. at 1098 (holding that *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994), does not apply in the context of an anticipated future conviction). Therefore, Plaintiff has arguably raised an actionable claim against Defendant Castanon for false arrest.[2]

The same applies to Plaintiff's illegal search and seizure claim against Defendant Castanon. It is not possible at this time to determine unequivocally whether *Heck,* would apply to the Fourth Amendment claims. In footnote seven of its *Heck* decision, the Supreme Court stated:

> a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful.

*Heck,* 512 U.S. at 487 n. 7, 114 S. Ct. at 2372 n. 7. *See also Haring v. Prosise,* 462 U.S. 306, 103 S. Ct.. 2368 (1983) (holding that a plaintiff's guilty plea did not constitute a waiver of antecedent Fourth Amendment claims in a § 1983 action). The circuits are split as to the proper interpretation of footnote seven.[3]

---

[2] The pendency of the state charge may justify staying this proceeding until the outcome of the criminal action, once process has been served. *Wallace*, 127 S. Ct. at 1098 ("If a plaintiff files a false arrest claim before he has been convicted, it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."). *See also Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (indicating that district courts should stay § 1983 claims during a pending related criminal trial).

[3] At least three circuits have held that footnote seven creates a general exception to *Heck* for Fourth Amendment unreasonable search and seizure claims. *See, e.g., Moore v. Sims,* 200 F.3d 1170, 1171-72 (8th Cir. 2000) (per curiam); *Copus v. City of Edgerton,* 151 F.3d 646, 648 (7th Cir.1998); *Datz v. Kilgore,* 51 F.3d 252, 253 n. 1 (11th Cir. 1995) (per curiam); *see also Hughes v. Lott,* 350 F.3d 1157, 1160-61 (11th Cir. 2003). Other circuits permit such claims to go

---

forward only after the district court makes an individualized determination that a favorable ruling in that case would not undermine the related criminal conviction or pending criminal proceedings.  *See, e.g., Ballenger v. Owens,* 352 F.3d 842, 845-56 (4th Cir. 2003); *Harvey v. Waldron,* 210 F.3d 1008, 1015 (9th Cir. 2000); *Shamaeizadeh v. Cunigan,* 182 F.3d 391, 398-99 (6th Cir. 1999); *Woods v. Candela,* 47 F.3d 545, 546 (2d Cir. 1995) (per curiam).  *Cf. Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 559 n. 4 (10th Cir. 1999) (generally disagreeing with courts that make an individualized determination, but noting that the case before it was not the "rare situation ... where all evidence was obtained as a result of an illegal arrest").

Recently, the Third Circuit concluded that a Fourth Amendment claim can be brought under § 1983, even without favorable termination, if the district court determines that success on the claim would not necessarily imply the invalidity of the conviction. *Gibson v. Superintendent of New Jersey Dept. of Law and Public Safety,* 411 F.3d 427, 435-39 (3d Cir. 2005), *cert. denied,* 126 S. Ct.. 1571 (2006). However, in those cases in which a district court determines that success on the § 1983 claim would imply the invalidity of the conviction, the cause of action is deferred until the conviction is overturned pursuant to *Heck.  Id.*

8

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's claims against Defendants William Knox and J. Dewald be DISMISSED with prejudice as frivolous, *see* 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), and that PROCESS be issued on Plaintiff's claims of false arrest and illegal search and seizure against Dallas Police Officer Mario Castanon.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 24th day of May, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.